# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

NO. 03-12-00052-CR
NO. 03-12-00053-CR
NO. 03-12-00054-CR

**Reginald Timothy Prince, Appellant**

**v.**

**The State of Texas, Appellee**

**FROM THE DISTRICT COURT OF BELL COUNTY, 264TH JUDICIAL DISTRICT
NO. 68543, 68388, & 68387, HONORABLE MARTHA J. TRUDO, JUDGE PRESIDING**

## MEMORANDUM OPINION

**PER CURIAM**

Reginald Prince is appealing his convictions for engaging in organized criminal activity and two counts of burglary of a habitation. *See* Tex. Penal Code Ann. §§ 30.02, 71.02 (West 2011). Prince was sentenced by the trial court to eighteen years' confinement for each conviction, with the sentences to run concurrently. Included in the appellate record are certifications from the district court concerning Prince's right to appeal each of these convictions. These certifications state that this not a plea-bargain case and that Prince has a right to appeal. However, these certifications appear to be inconsistent with other portions of the appellate record.

The record indicates that Prince entered into a plea bargain with the State in which the State agreed to recommend that Prince's sentence for each conviction not exceed twenty years and that the sentences should run concurrently. In exchange, Prince pleaded guilty to the three

charges. Therefore, the record indicates that Prince entered into a plea bargain, and thus he may appeal only (1) "those matters that were raised by written motion filed and ruled on before trial" or (2) "after getting the trial court's permission to appeal."[1] *See* Tex. R. App. P. 25.2(a)(2) (defining "plea bargain case" as "case in which a defendant's plea was guilty or nolo contendere and the punishment did not exceed the punishment recommended by the prosecutor and agreed to by the defendant . . . ."); *see also Wayne v. State*, 756 S.W.2d 724, 728 (Tex. Crim. App. 1988) (explaining elements of plea bargain).

We are required to examine a certification for defectiveness—"correct in form but which, when compared to the record before the court, proves to be inaccurate"—and to use Rule 37.1 and 34.5(c) to obtain an accurate certification. *Dears v. State*, 154 S.W.3d 610, 614 (Tex. Crim. App. 2005); *see* Tex. R. App. P. 34.5(c), 37.1. Given the apparent inconsistences between the certifications and the record before us, we abate this appeal for fourteen days and instruct the district court to prepare and send to this Court amended certifications that indicate whether this was in fact a plea-bargain case and the extent of Prince's right to appeal, if any, from the judgments of conviction. *See* Tex. R. App. P. 25.2(a)(2). A supplemental clerk's record containing the district court's amended certifications shall be forwarded to the clerk of this court no later than August 29, 2012.

Before Justices Puryear, Pemberton, and Henson

Abated

Filed:   August 15, 2012

Do Not Publish

---

[1] In his brief, Prince's counsel acknowledges that this a plea-bargain case.